May 15th, 1905.

————O————

'No. 3722.

(Court of Appeal, Parish of Orleans.)

JOSEPH P. MARTINEZ vs. PAUL MAILHES,

Appeal from Civil District Court, Division "E."

H. J. Rhodes, for Plaintiff and Appellee.

E. J. Meral, for Defendant and Appellant.

1. As the tax purchaser took possession of the property in 1886, and the tax sale is not attacked on the ground of payment or of dual assessment, the constitutional prescription of three years must be sustained.

2. The document claimed to be a renunciation inuring to the benefit of the collateral heirs is in reality a ratification by the forced heir of the decedent's appointment of a universal legatee.

3. The declaration by such heir that he has received his full share in his mother's succession vests a perfect title in the universal legatee.

DUFOUR, J. This cause came before us with the following lucid opinion from our able brother Theard of Division "E."

"Two reasons are assigned by defendant for refusing to accept

333

title to real estate which he admits having agreed to buy from plaintiff, namely:

"1st. That plaintiff's author, Florant Blumeret, acquired at a tax sale which is null and void, because the property in question was assessed in the name of a person who never owned the same, because no notice of sale was given to the owner, because the description of the property is defective, and because none of the requirements of the law were observed by the tax collector, in the sale of the property.

"2nd. That said Florant Blumeret acquired said property during his marriage with Eva Klagg, widow of John Anstet, who at her death left as her forced heir a son, issue of her first marriage, named John Anstet, that by her last will and testament she constituted her second husband, the said Florant Blumeret, her universal legatee, under which will the said Florant Blumeret was sent into possession of her estate, and that the renunciation of her succession by her said son, John Anstet, by act before W. O. Hart, Notary Public, on October 28th, 1889, is of no effect for the reason that the said renunciation was made in favor of the said Florant Blumeret, whereas, by operation of law, it inured to the benefit of the collateral heirs.

## I.

"The tax sale referred to occurred on June 25th, 1886, and it was proved that Blumeret at once took possession of the property. As the tax sale is not attacked on the ground of payment or of dual assessment, the prescription of three years pleaded by plaintiff under Art. 233 of the Constitution of 1898, is well founded. Besides, in the absence of contrary evidence, the recitals of the tax deed make full proof that the requisites of law have been conplied with.

## II.

"The act called a renunciation is in the following terms:

" 'Be it known that before me came and appeared John Anstet, the only child and sole heir at law of Mrs. Eva Klagg, widow by

first marriage of John Anstet, and by second marriage deceased wife of Florant Blumeret, and whose succession has been opened and is now under administration in the Civil District Court, * * * * who declared that under the last will and testament of said deceased, * * * * it was declared that he had received from his said mother more than the disposable portion of her estate, and that she therefore willed all her property to her husband and constituted him her universal legatee. And said appearer further declared that he does by these presents approve all the terms of said will and does renounce unto and in favor of said Florant Blumeret any and all title and interest he may have to any and all property of the succession of his said mother, * * * * and he does declare that he has received, at the signing hereof, the sum of $50, from said Florant Blumeret constituting from his stand-point, the amount coming to him from said succession after charging himself with all the advances made by his said mother.'

"It is a misnomer to call such an act "a renunciation of the succession of Mrs. Blumeret by John Anstet.""

"It is a ratification by him of his mother's testament, a waiver of his rights as her forced heir to attack her will in so far as it encroached upon his legitime, an acknowledgement of payment, and an abandonment or assignment of all his rights in his mother's succession to her universal legatee, in consideration of said payment. The effect of such act was to render Blumeret's title perfect and defendant must comply with his agreement to purchase."

Our examination of the record confirms the conclusions of our able brother, whose opinion we adopt, without finding it necessary to add one word.

Judgment affirmed.